This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants-Plantiffs, Herman and Alberta Holmes, have appealed a judgment of the Summit County Court of Common Pleas, which denied their motion to amend their complaint filed after a hearing had been conducted before an arbitration panel, but before the panel had reduced its decision to writing. This Court affirms.
 I
Appellants filed a complaint in the General Division of the Summit County Court of Common Pleas against Appellee, Charter One Financial, Inc., d.b.a. Charter One Bank F.S.B. The complaint set forth claims for negligence and breach of contract based on or arising out of a written Residential Construction Loan Agreement ("Agreement") between the parties. The Agreement contained a clause which requires all disputes arising out of the Agreement to be resolved by final and binding arbitration. Pursuant to R.C. 2711.02, Appellee filed a motion to stay the trial court proceedings and to refer the matter to arbitration. The trial court granted Appellee's motion and ordered the matter to "proceed to Arbitration per the [Agreement] entered into by the parties."
The matter was heard before an arbitration panel, but before the panel issued its written decision, Appellants filed a motion in the trial court to amend the complaint to include claims for fraud and civil conspiracy. Appellants argued that "[j]ustice w[ould] be served by allowing [them] to amend their complaint based upon information obtained during discovery, * * * deposition, and * * * at [the] arbitration hearing[.]" Appellee filed a motion in opposition. A few days later, the arbitration panel issued its written decision awarding Appellants $24,366.49.
Subsequently, the trial court denied Appellants' motion to amend their complaint. Appellants then filed a motion for relief from the court's denial of their motion to amend, which was also rejected by the trial court. Appellants filed a motion for confirmation of the arbitration award, which the trial court granted.
Appellants have appealed the trial court's denial of their motion to amend the complaint, and have asserted one assignment of error.
 II Assignment of Error
 The trial court erred in its January 7, 2000 order denying leave to amend complaint when it found that a claim for fraud or civil conspiracy did not have merit because the appellants had chose the contractor and submitted signed payment vouchers to the lender.
Appellants have argued that the trial court erred in denying their motion for leave to amend their complaint. This Court finds no merit in Appellants' contention.
Pursuant to the Agreement, the parties contracted to submit any disputes between them in relation to the Agreement to private, final and binding arbitration. In accordance with R.C 2711.03, Appellee petitioned the trial court for an order directing the matter to proceed to arbitration in the manner provided for in the Agreement. Upon being satisfied that the issues involved in the action were referable to arbitration under the Agreement, the trial court stayed the trial court proceedings and ordered the matter to "proceed to Arbitration per the [Agreement.]"
The arbitration provision of the Agreement expressly states that all disagreements arising out of the Agreement shall be submitted to final and binding arbitration. The provision further limits the parties' rights to pursue relief in a court of law to "confirm[ing], vacating or modifying or correcting the award of the arbitrators" pursuant to the grounds and causes found in R.C. Chapter 2711. The statute permits vacation, modification, or correction of an arbitration award in very limited circumstances, none of which includes the desire to add new claims to those previously submitted to arbitration. R.C. 2711.10 and 2711.11. Accordingly, because the parties' private, final and binding arbitration agreement expressly limited the trial court's authority to confirming, vacating, modifying, or correcting the arbitration award, the trial court was without authority to grant Appellants' motion to amend the complaint. Moreover, Appellants moved to confirm the award; Appellants did not attempt to vacate, modify, or correct the award.
This Court further notes that even if the trial court had authority to rule upon Appellants' motion, this Court's disposition would remain the same. Certainly, the trial court would not have abused its discretion in denying Appellants' motion to amend their complaint filed after the arbitration hearing had been completed. See Butcher v. Three M Homes,Inc. (Mar. 31, 1995), Geauga App. No. 93-G-1783, unreported, 1995 Ohio App. LEXIS 1266 at *19 (holding that the trial court did not abuse its discretion in denying a motion to amend the complaint filed after the arbitration hearing); Winkle v. Southdown, Inc. (Sept. 3, 1993), Greene App. No. 92-CA-107, unreported, 1993 Ohio App. LEXIS 4295 at *12 (finding no error in denying a motion to amend filed after the arbitration hearing, and explaining that it may have been an abuse of discretion to grant the motion after the conclusion of the arbitration hearing in which the defendant had defended itself based upon the original complaint).
 III
Appellants' sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
BAIRD, P.J. and SLABY, J. concur.